### BOLOGH et al. v. ROOF MAINTENANCE CO.

(Supreme Court, Appellate Term.    November 24, 1908.)

CONTRACTS (§ 316\*)—BREACH—WAIVER—RIGHT OF ACTION—ACCRUAL.

Where defendant's manager informed plaintiffs that defendant could not and would not do the work defendant had contracted to do, plaintiffs' right of action for breach of the contract then accrued, which breach was not waived by plaintiffs' subsequent ineffectual demand for commencement of performance.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1481; Dec. Dig. § 316.\*]

Appeal from City Court of New York, Trial Term.

Action by Philip Bologh and another against the Roof Maintenance Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

H. Schieffelin Sayers, for appellant.
Bogart & Bogart, for respondents.

PER CURIAM. The plaintiff brought this action to recover damages for a breach of contract by the defendant to do certain labor and furnish materials for the roofing of public school No. 59 in the city of New York, for which plaintiffs had a contract. The contract between the parties herein was admitted, as also the connection of a Mr. Fields with the defendant, and who for the defendant signed the agreement with the plaintiffs for the roofing in question. The defense interposed by the defendant was breach by the plaintiffs in that they prevented it from doing the work. That was the issue and was at the opening of the charge to the jury thus distinctly stated by the court, because the counterclaim of the defendant seems to have been abandoned. The verdict of the jury in favor of the plaintiffs established their claim of breach by the defendant, for the testimony of the plaintiffs showed that Fields, and likewise the manager of the defendant, went to the office of the plaintiffs on separate occasions, and that each said, not only that the defendant could not, but also would not, do the work. This occurred prior to the letter of October 21, 1907, from the plaintiffs to the defendant demanding commencement of performance within three days, and is corroborated by their letter to the defendant of October 15th. Certainly it was not denied. The plaintiffs' cause accrued at the time of such refusal, and may not be said as matter of law—as matter of fact it was not argued—to have

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs: 1907 to date, & Rep'r Indexes

been waived by a later demand for the commencement of performance. Evidence of breach by the defendant being thus established, the judgment entered upon the verdict in favor of the plaintiffs must be affirmed.

Judgment affirmed, with costs to the respondent.